# IN THE UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

Gricelda Rossetto,

       Plaintiff,                        Case No: 14-16051

vs.

Wells Fargo Home Mortgage, *et al.*

       Defendants

_____/

Appeal from the United States District Court

for the District of Nevada

**APPELLANT'S REPLY BRIEF**

                                              MITCHELL POSIN, ESQ.
                                              1645 Village Center Circle
                                              Las Vegas, Nevada 89134
                                              (702) 382-2222
                                              Attorney for Defendant-Appellant

## TABLE OF CONTENTS

**Page**

I. SUMMARY OF ARGUMENT............................... 1

II. ARGUMENT............................................ 1

    1. Appellant has not waived any issues...................... 1

    2. Respondent has raised issues not properly before this court........ 2

        A. Res Judicata and Estoppel are issues properly raised as affirmative defenses pursuant to FRCP 8(c)(1).............. 2

        B. Respondents are incorrect in their analysis of Collateral Estoppel and Res Judicata...................................... 6

3. Appellant's claim on the merits is valid......................... 8

III. CONCLUSION........................................... 9

IX. CERTIFICATE OF COMPLIANCE........................... 9

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Masson v. New Yorker Magazine, Inc., 85 F.3d 1394, 1399 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Maxwell v. Simmons, U.S.A. Corp., 841 F.2d 1129 (9th Cir. 1988). . . . . . . 1

In Re: Mortgage Electronic Registration Systems, Inc., 2014.c09.0001755 <http://www.versuslaw.com> June 12, 2014. . . . . . . . . . . . . . . . . . . . . . . 3, 9

Anderson v. Cumming, 827 F.2d 1303, 1305 (9th Cir. 1987). . . . . . . . . . . . 4

Broudo v. Dura Pharmaceuticals, Inc., No. 01-57136 (9th Cir. 08/05/2003), 2003.C09.0000514< http://www.versuslaw.com> . . . . . . . . . . . . . . . . . . . . 4

Standard Insurance Company v. Saklad, No. 96-55853 (9th Cir. 10/31/1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Oyeniran v. Holder, 672 F.3d 800, 807 (9th Cir. 2012) . . . . . . . . . . . . . . . 5

Brown v. Felsen, 442 U.S. 127 (1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Green v. Ancora-Citronelle Corp., 577 F.2d 1380, 1384 (9th Cir. 1978). . . 7

## RULES

FRCP 8(c)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

FRCP 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

FRCP 12(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

I.    SUMMARY OF ARGUMENT

Respondent mischaracterizes this appeal as if it were from the granting of a motion for summary judgment based on estoppel and res judicata. In fact, this is an appeal from a dismissal for failure to state a claim. It is submitted that the District Court erred in dismissing the Complaint, and in dismissing the Complaint without leave to amend.

II.    ARGUMENT

**1. Appellant has not waived any issues**

The cases cited by Respondent regarding this issue are inapposite. Respondent cites two Ninth Circuit cases. The first, Masson v. New Yorker Magazine, Inc., 85 F.3d 1394, 1399 (9th Cir. 1996). Contrary to Respondent's assertions, this case does not refer in any way to the issue of dispositive motions or waiver of issues. Respondent next cites Maxwell v. Simmons, U.S.A. Corp., 841 F.2d 1129 (9th Cir. 1988). This case does not address "dispositive motions" generally, but only motions for summary judgment, which is not at issue herein. Nonetheless, the Maxwell Court did not state that there is a blanket preclusion in such cases. Rather, the Court

stated, *"a party opposing summary judgment must inform the district court of the reasons, factual or legal, that summary judgment should not be entered. Failure to do so <u>ordinarily</u> waives the right to raise the issue on appeal.... The Ninth Circuit has recognized... exceptions to this rule... when the issue presented is purely one of law and does not depend on the factual record <u>or</u> <u>the pertinent factual record has been developed</u>. If one of these exceptions exists, the appellate court may exercise its discretion to consider the issue."* Here, the factual record - the evidence of forgery - was attached to the complaint. Thus the factual record was developed.

Respondent is correct in stating that *an issue* not presented to the District Court may not be raised on appeal, but here the issue <u>was</u> raised in the District Court, by Respondent. Thus, the arguments of Appellant are properly before the Court. As discussed below, this is not the case in regard to the arguments of Respondent.

**2. Respondent has raised issues not properly before this court.**

*A. Res Judicata and Estoppel are issues properly raised as affirmative defenses pursuant to FRCP 8(c)(1).*

FRCP 8(c)(1) provides in pertinent part, *"[i]n responding to a*

2

*pleading, a party must affirmatively state any avoidance or affirmative defense, including... estoppel... res judicata....*" As an affirmative defense, these issues may have been the subject of a possible later motion for summary judgment, however they were not properly the subject of the instant motion to dismiss, which pursuant to FRCP 12(b)(6) should properly have been limited to the issue of whether the Plaintiff failed to state a cause of action.

    Consequently, the District Court, while mentioning the issues of estoppel and res judicata, made it very clear that those issues were <u>not</u> being ruled on,[1] and limited the ruling to the issue of failure to state a cause of

---

[1] The Court stated, *"Plaintiff's claims are <u>likely</u> barred by res judicata or judicial estoppel, as discussed by Defendants in their motion. <u>Even if not</u>, the Court finds that Plaintiff's claims also fail on the merits. Therefore, Plaintiff's Complaint must be dismissed."* (Emphasis added) Appellant's Excerpts of Record, p. 5. By stating what the *"likely"* ruling might be, and then following up with the further hedging language, *"even if not"* which admits the possibility that the Court might indeed rule the other way, the Court was making abundantly clear that it was <u>not</u> ruling on these issues.

3

action. As there has never been a responsive pleading filed in the instant case, much less a motion to dismiss, these issues have never been litigated, and have never been decided by the District Court.[2]

---

Moreover, FRCP 12(d) provides, *"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."* The District Court was certainly aware of this Rule, and could have given the parties such *"reasonable opportunity."* The fact that the District Court did not do so, but ruled on the documents, is further indication that the District Court was not treating this matter as a summary judgement issue, and was consequently not ruling on the estoppel or the res judicata issues.

[2]See Anderson v. Cumming, 827 F.2d 1303, 1305 (9th Cir. 1987) (stating "[o]rdinarily we will not decide an issue that was not addressed by the district court") Broudo v. Dura Pharmaceuticals, Inc., No. 01-57136 (9th Cir. 08/05/2003), 2003.C09.0000514< http://www.versuslaw.com> . See also Standard Insurance Company v. Saklad, No. 96-55853 (9th Cir. 10/31/1997)

## B. Respondents are incorrect in their analysis of Collateral Estoppel and Res Judicata

But although Respondents should not even be allowed to argue issues of collateral estoppel, they are incorrect in their analysis. For instance, they cite Oyeniran v. Holder, 672 F.3d 800, 807 (9th Cir. 2012) for the proposition that collateral estoppel should preclude Plaintiff from filing a new Complaint after newly discovered evidence of fraud came to light. However, in the Oyeniran case, while the Court ruled that the collateral estoppel worked against the government in an Immigration matter to the limited extent that it concerned <u>past</u> incidents, the Court went on to rule that the Immigrant <u>should have been</u> allowed to present newly discovered evidence:

> *We hold that collateral estoppel binds the BIA to its prior determination of the facts and legal consequences regarding past incidents of government-sponsored violence against Oyeniran's family due to his father's activities supporting Christianity over*

---

1997.C09.1594 <http://www.versuslaw.com>

5

*Islam. We also conclude that the BIA abused its discretion by denying Oyeniran's motion to reopen to consider the significant new evidence of a Nigerian arrest warrant that charges Oyeniran personally with inciting opposition to Sharia law.*

Respondent is also incorrect in the law regarding *res judicata*. For instance, Respondent asserts that *"before and during the First Action Ms. Rosetto had not only public access to but actual possession of the documents which could have alerted her to any alleged fraud or forgery claim."* This is simply not the case. At the time of the first action, Appellant did not have possession of any documents not related to her own mortgage. The documents showing the signatures of Olivia Todd to be forged were related to other homeowners' mortgages, and only came to light when counsel for Appellant undertook further investigation.

Respondent is therefore incorrect in asserting that Appellant could have alleged fraud in the earlier lawsuit: where there was fraud that was unknown to Appellant until after the termination of that lawsuit, she could not have alleged that fraud until she learned of it, or at least had reason to know of it.

The United States Supreme Court has recognized the limits of res

6

judicata in this context. In the case of Brown v. Felsen, 442 U.S. 127 (1979), the Court observed:

> *Because res judicata may govern grounds and defenses not previously litigated, however, it blockades unexplored paths that may lead to truth. For the sake of repose, res judicata shields the fraud and the cheat as well as the honest person. It therefore is to be invoked only after careful inquiry. Petitioner contends, and we agree, that here careful inquiry reveals that neither the interests served by res judicata, the process of orderly adjudication in state courts, nor the policies of the Bankruptcy Act would be well served by foreclosing petitioner from submitting additional evidence to prove his case.*

Respondent discusses the distinction between extrinsic and intrinsic fraud, and states, "[e]xtrinsic fraud "prevents a party from having an opportunity to present his claim or defense in court," or "deprives a party of his right to a 'day in court.'" Green v. Ancora-Citronelle Corp., 577 F.2d 1380, 1384 (9th Cir. 1978). It is submitted that this is exactly what is at issue herein. Appellant had no reason to know of the fraud, and thus was denied a

7

day in court on that issue. This is similar to the idea of a statute of limitations being tolled where, precisely due to a defendant's fraud, a plaintiff would have had no reason to know of that fraud.

In any event, the District Court made it clear that its ruling was not based, as indeed it could not be based, on issues of collateral estoppel or *res judicata*. It is therefore submitted that these issues should not be considered in this appeal. Should the matter be remanded, these issues can be fully litigated. As they were not litigated at the District Court level, they are not before this Court, and are irrelevant to the issues before this Court.

### 3. **Appellant's claim on the merits is valid**

As discussed in Appellant's Opening Brief, this Court has previously addressed a similar issue in In Re: Mortgage Electronic Registration Systems, Inc., 2014.c09.0001755 <http://www.versuslaw.com> June 12, 2014. In that matter, this Court held that the homeowners could properly state a cause of action where the relevant documents were forged or or fraudulent.

Respondent asserts that Appellant has waived her ability to challenge the dismissal of her Fraudulent Conveyance claim, stating, "the Opening

Brief does not explicitly challenge the district court's dismissal of the fraudulent conveyance cause of action." This is incorrect. Appellant has objected to the dismissal of all claims explicitly. The Fraudulent Conveyance claim, however, bears especial consideration. Appellant has clearly stated that her claim is one of fraud, as noted above, by citing to In Re: Mortgage Electronic Registration Systems, Inc. It is submitted that this case establishes that the District Court herein erred, both in dismissing the case, and in doing so without leave to amend.[3]

### III. Conclusion

Appellant's Appeal should be granted, and the case remanded to the District Court.

### CERTIFICATE OF COMPLIANCE

Pursuant to Circuit Rule 32(e)(4) the brief's line spacing is double spaced and proportionally spaced. The type face is Times New Roman 15 point and the word count is .

---

[3]Specifically, Appellant could amend the Complaint to more closely track the language in In Re: Mortgage Electronic Registration Systems, Inc.

Dated this 7 day of November, 2014

        Respectfully submitted,


        _____/s/Mitchell Posin_____
        Mitchell L. Posin, Esq.
        Attorney for Appellant